UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT          *          CIVIL ACTION
OF DELTA TOWING, LLC, as owner and
operator of the M/V DELTA HAWK,         *          NO. 04-996
for exoneration from or
limitation of liability                 *          SECTION "B"

ORDER & REASON

Before the Court are two Motions to Dismiss and/or for Summary
Judgment (Rec. Doc. Nos. 42 & 43) brought by Bean Dredging L.L.C.
and Bean Meridian L.L.C. and Delta Towing L.L.C. ("Delta Towing").
For the following reasons, **IT IS ORDERED** that Defendants' motions
are hereby **GRANTED**.

BACKGROUND

Decedent Lonzbell Sanders, Jr. ("Decedent") was a seaman/crew
member on a barge that capsized in April 2004. Decedent's employer
and owner of the vessel, Bean Dredging L.L.C. and Bean Meridian
L.L.C. ("Bean"), filed a Complaint for limitation of liability
pursuant to the Limitation of Shipowner's Liability Act, 46 App.
U.S.C. § 183, et seq. (Rec. Doc. No. 1). Decedent's father,
Lonzbell Sanders, Sr., individually and as representative of the
decedent's estate, Dekeysha Carter, individually and as "next

1

friend" of Dekeyion Sanders, Tyrone Duncan, and son the decedent ("<u>individual representative claimants</u>") filed an answer and various claims against Bean. (Rec. Doc. No. 13). Lula Sanders, mother of decedent, individually and on behalf of Armonte Sanders, brother of the decedent filed an answer and claims against Bean. (Rec. Doc. No. 15). Tyrone Duncan was dismissed from the instant action. (Rec. Doc. No. 74).

**<u>Law and Analysis</u>**

**<u>A. Summary Judgment</u>**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). <u>See also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial. <u>Webb v. Cardiothoracic</u>

2

*Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. <u>Id.</u> Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. <u>Travelers Ins. Co. v. Liljeberg Enter., Inc.,</u> 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is disfavored and should not be granted unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). In analyzing a 12(b)(6) motion, the court must liberally construe the complaint in favor of the plaintiff and assume that all facts pleaded in the complaint are true. <u>See</u> <u>Brown v. Nationsbank Corp.</u>, 188 F.3d 579, 585 (5th Cir. 1999). The issue is not whether the plaintiff will ultimately prevail, but "whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." <u>Id.</u> (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice*

and Procedure § 1357 at 601 (1969)); and <u>Doe v. Hillsboro</u> <u>Independent School Dist.</u>, 81 F.3d 1395, 1401 (5th Cir. 1996). Thus, a court should not dismiss a claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint. <u>Vander Zee v. Reno</u>, 73 F.3d 1365, 1368 (5th Cir. 1996).

**C. Action by Benficiary**

The Jones Act, 46 U.S.C. § 688(a), gives the personal representative of a deceased seaman the right to maintain an action for damages against the decedent's employer when the fatal injury occurred in the course of the decedent's employment.[1] By its terms the statute incorporates the provisions of the Federal Employers' Liability Act ("<u>FELA</u>"), 45 U.S.C. §§ 51-59, which makes common carriers, and therefore shipowners, liable to the deceased employee's personal representative "for the benefit of the surviving widow . . . and children of such employee". 45 U.S.C. § 51. The word "children" as used in ths statute includes children born during marriage as well as those born outside of marriage. <u>Smith v. Clark Sherwood Oil Field Contractors</u>, 457 F.2d 1339 (5th Cir. 1972). <u>See</u> <u>Levy v. Louisiana</u>, 391 U.S. 68 (1968). The Supreme Court has held that a "personal representative" is the court-approved executor or administrator of the decedent's estate. <u>Briggs</u>

---

[1] 46 U.S.C. § 688(a) provides "[I]in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law. . . ."

v. Walker, 171 U.S. 466 (1898). See also Ivy v. Security Barge
Lines, Inc., 585 F.2d 732, 734 (5th Cir. 1978) (when decedent's
father lost his position as administrator of the estate, he also
lost the authority to sue as personal representative); Marcono v.
Offshore Venezuela, 497 F. Supp. 204, 207-208 (E.D.La. 1980) (widow
cannot sue unless some court designates her administrator).

Lula Sanders acknowledges that Lonzbell Sanders, Sr., her ex-
husband, was appointed administrator of the decedent's estate by a
Louisiana court, but argues that she be allowed to maintain a
separate action due to an alleged conflict of interest. (Rec. Doc.
No. 44 at 3). The Fifth Circuit carved out a narrow exception to
permit suits by beneficiaries where a conflict exists between
different classes of beneficiaries. Smith v. Clark Sherwood Oil
Field Contractors, 457 F.2d 1339 (5th Cir. 1972). In Smith, the
Fifth Circuit held that a next friend be permitted to intervene in
a Jones Act claim where a widow and her children had substantially
adverse interest with a mistress' child and the decedent's personal
representative already settled the action. Id.

One district court in this Circuit has also allowed
beneficiaries to bring suit in a separate proceeding after
settlement where a conflict exists with the personal
representative. Francis v. Forest Oil Corp., 628 F.Supp. 836
(W.D.La. 1986). But see Hassan v. A.M. Landry & Son, Inc., 321 F.2d
570 (5th Cir. 1963), cert. denied, 375 U.S. 967 (1964) (preventing
a deceased seaman's mother from suing when the personal
representative, his widow, had already settled with the employer).

5

More recent decisions, however, have held that beneficiaries may not bring maritime wrongful death actions, even where there is a conflict of interest with the decedent's authorized personal representative. <u>Calton v. Zapata Lexington</u>, 811 F.2d 919, 921 (5th Cir. 1987); <u>Cao v. Nguyen</u>, No. 93-1669, 1992 U.S. Dist. LEXIS 18814 *2 (E.D.La.).

The Court finds it is inappropriate to make an exception in this case. <u>Smith</u> and its progeny were designed to protect the interest of a decedent's children. 457 F.2d at 866 (holding "the [Jones Act] requires that the action be brought *for the benefit of* the surviving widow . . . and the children) (emphasis supplied). Moreover, the court in <u>Smith</u> was presented with a case where the personal representative had already negotiated a settlement to the detriment of decedent's purported child. <u>Id.</u> at 1345. Here, a mother and brother of a decedent present the Court with a tenuous claim of purported conflict with the personal representative. They are potentially outside the scope of recovery intestate. This Court cannot overstep its bounds by making determinations of which living relatives should recover from decedent's estate. The issue of whether Dekeyion Sanders is a son of the decedent is one for Lula Sanders to raise in probate proceedings. It is questionable whether that matter is properly before the Court because she does not represent the interest of the disputed child.

Proper beneficiaries may not be entirely without recourse. The personal representative holds any recovery in trust for the beneficiaries named in the Jones Act. <u>Chicago, Buldington & Quincy</u>

6

Railroad Co., 275 U.S. at 163 (1927); Canton 811 F.2d at 922
(observing that proper beneficiaries have a cause of action against
a personal representative if they breach their fiduciary duty). If
Lonzbell Sanders, Sr. fails in his fiduciary duty, either by not
bargaining for the rights, if any attach, of Lula Sanders or
Armonte Sanders or by refusing to turn over an appropriate share of
the proceeds, they may have a cause of action against him.    See
e.g., Williams, 371 F.2d at 128.

**D. Non-Pecuniary Damages**

        The Defendant's also urge the Court to limit recovery for non-
pecuniary losses. The Jones Act, 46 U.S.C. § 688(a), provides a
remedy at law against a seaman's employer when he is injured or
killed through the negligence of the employer. Miles v. Apex Marine
Corp., 498 U.S. 19, 23-24 (1990). The Death on the High Seas Act
("DOHSA"), 46 U.S.C. § 761, et seq., is the exclusive remedy given
to a seaman's survivors for death occurring on the high seas
outside of state territorial waters, defined as more than 3
nautical miles from shore. Unlike the Jones Act, which applies only
to a seaman's employer, DOHSA applies to any party[2] whose wrongful
act, neglect, or default causes the decedent's death on the high
seas. 46 U.S.C.  § 761(a). DOHSA limits recovery on its face to
pecuniary losses,  46 U.S.C.  § 762(a),[3] and the Supreme Court has

_____

        [2] DOHSA applies to any person, seaman and non-seaman alike,
who is killed on the high seas. See 46 app. U.S.C. § 761(a).

        [3] The Amount and Apportionment of Recovery under DOHSA
provides:

unequivocally held that the lower courts are not free to supplement DOHSA with non-pecuniary supplements. Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 625 (1978). See also Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 232 (1986).

In contrast to DOHSA, the Jones Act does not explicitly limit damages to any particular form. Miles, 498 U.S. at 32. However the jurisprudence addressing the issue establishes that a seaman's recovery under the Jones Act does not include non-pecuniary losses. See Miles, 498 U.S. at 32 (recognizing that Congress must have intended to incorporate predecessor legislation's pecuniary limitation when it enacted the Jones Act). Thus, non-pecuniary recovery is foreclosed under both the DOSHA and the Jones Act statutory schemes.

In addition to the wrongful death cause of action created by the Jones Act and DOHSA, there is a general maritime cause of action for the wrongful death of a seaman. Miles, 498 U.S. at 30. Nevertheless, in Miles v. Apex, the Supreme Court held that a seaman's representative must follow the statutory limitation on non-pecuniary recovery by bringing a wrongful death claim under general maritime law. 498 U.S. at 32. The Court explained that it

---

> The recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought.

46 App. U.S.C.A. § 762(a) (emphasis added).

would be inappropriate for the federal courts to judicially provide a greater scope of damages than what Congress had provided statutorily. Id. at 32-33. Thus, the elements of damages recoverable for the wrongful death of a seaman are the same whether the suit is brought under DOHSA, the Jones Act, or general maritime law. Id. at 33.

In Guevara v. Maritime Overseas Corp., 59 F.3d 1496, 1506 (5th Cir. 1995), the Fifth Circuit specifically recognized that punitive damages are correctly classified as non-pecuniary in nature. While Guevara dealt specifically with punitive damages sought in conjunction with the failure to pay maintenance and cure, the Fifth Circuit explained that the analytical framework developed in Miles governs the approach to deciding damages issues in maritime actions. Id. The Supreme Court explained that the first step is to evaluate the factual setting of the case to determine if any statutory remedies apply. If the situation is governed by a statue like the Jones Act or DOHSA, and if the statute limits the available damages, then the statute also governs the damages available under general maritime law. The general maritime law will not expand the available damages when Congress has spoken to the relief it deems appropriate or inappropriate. Id. (citing Anderson v. Texaco, Inc., 797 F. Supp. 531, 536 (E.D. La. 1992)).

The foregoing case law precludes Plaintiff herein from recovering non-pecuniary damages from Bean. Jones Act seaman status is among the undisputed facts. Thus, the Jones Act applies, and non-pecuniary damages are not allowed regardless of the legal

theory the Petitioner puts forth. In this situation, DOHSA applies. Again, non-pecuniary damages are not recoverable under DOHSA.

For the foregoing reasons, Defendants' motion to dismiss is hereby **GRANTED**.

New Orleans, Louisiana, this 9th day of March, 2006.

IVAN L.R.LEMELLE
UNITED STATES DISTRICT JUDGE

10