UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT  CIVIL ACTION
OF DELTA TOWING, L.L.C.

NO: 04-0996 c/w 04-1289-ILRL-SS

### ORDER

CANTU'S MOTION TO QUASH THE DEPOSITIONS OF DR. PONDER AND DR. TIJMES AND TO LIMIT THE SCOPE OF DISCOVERY (Rec. doc. 111)

**DENIED**

Before the undersigned is the motion of one of the claimants, Rolando Cantu ("Cantu"), in this limitation proceeding to quash the depositions of Drs. Ponder and Tijmes. Cantu contends that the testimony of the two doctors concerns his claim for damages. He argues that there are only two issues in this limitation proceeding: (1) the complainants' liability; and (2) their privity and knowledge. Cantu also requests an order that all discovery be limited to these two issues. In Civil Action 04-1289, Bean Meridian L.L.C. and Bean Dredging L.L.C. (collectively referred to as "Bean") filed a complaint for exoneration from or limitation of liability. CA 04-1289 at Rec. doc. 1. Cantu answered and asserted a claim for damages of more than $1.6 million arising from injuries sustained on April 6, 2004 when the Bean vessel overturned. Id. at Rec. doc. 4. This action was consolidated with Civil Action 04–0996. Id. at Rec. doc. 7.

In Karin v. Finch Shipping Co., Ltd. 265 F.3d 258 (5th Cir. 2001) the Fifth Circuit stated that "the purpose behind . . . a (limitation) proceeding in federal court is to permit all actions against the shipowner to be consolidated into a single case so that all claims may be disposed of simultaneously. . . ." Id. at 264 (emphasis added). Cantu's request to deny Bean discovery on his personal injury claims is contrary to this statement. Cantu cites the lower court's statement on the two questions that must be answered to determine whether the complaintant was entitled to limit its liability. Karim v. Finch Shipping Co., Ltd., 94 F.Supp.2d 727, 734 (E.D. La. 2000) (Fallon, J.), aff'd, 265 F.3d 258. Based on these answers, the district court denied the claim for exoneration and granted the claim for limitation. This did not end the matter, because it was required to resolve the distribution of the limitation fund. Id. This cannot be done simultaneously in accord with the purpose of a limitation proceeding unless the parties are able to conduct discovery of all of the claims raised by all of the parties.

IT IS ORDERED that Cantu's motion to quash the depositions of Dr. Ponder and Dr. Tijmes and to limit scope of discovery (Rec. docs. 111) is DENIED.

New Orleans, Louisiana, this 26th day of July, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**SALLY SHUSHAN**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**